was, "Legal expenses, $750." Another item was for $250 said by Kipp to have been loaned to Mrs. Docen after the deed, and for which she had given her note. Klatzl refused to pay the amount demanded, and no deed was ever given by Kipp. Kipp denied making any promise to Docen to return him anything whatever when he might sell the property, either for the payment of other creditors or for himself, and denied any fraudulent intent, or that there was anything said by Docen about taking the property in order to delay creditors, but admitted loaning to Mrs. Docen the $250 some time after the deed. There was also evidence contradicting Docen's transfer of his business to Lindemann without consideration; the latter testifying that it was in payment of Docen's indebtedness to him for services as clerk, extending through a period of five or six years. The defendant Kipp also produced evidence that the premises were worth only $14,000. Upon this conflicting evidence, a question of fraudulent intent arose, which the statute declares to be a question of fact; and, as such, it was properly decided by the court, on evidence sufficient to support his adjudication, that "said deed was executed and delivered　*　*　*　with the intent to hinder, delay, and defraud the creditors of the said defendant Charles Docen, including the plaintiffs herein." The court also adjudged that Kipp "claims to own the said premises by virtue of the said pretended conveyance, collusively given to and accepted by the defendant Herman H. Kipp as aforesaid." With such adjudication I see no reason to interfere, and think the judgment should be affirmed.

---

(50 App. Div. 602.)

### GARDUHN v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

1. STREET RAILROADS—EVIDENCE—SPEED OF CAR—COMPETENCY OF WITNESS.
A witness who has driven wagons for 20 years, and who testifies that he is familiar with the speed of wagons, is competent to testify as to the rate of speed at which a street car was running at a particular time, and which he had a chance to observe.

2. SAME.
It is not error, in an action for injuries sustained by collision with a street car, to refuse to permit a witness to state whether a car was running fast or slow, where he states that he did not notice its speed.

Appeal from trial term, New York county.

Action by Albert Garduhn against the Union Railway Company of New York City. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

Herbert R. Limburger (Walter S. Dryfoos, on the brief), for appellant.

Sumner B. Stiles (Francis L. Wellman, on the brief), for respondent.

HIRSCHBERG, J. The plaintiff, while driving across the defendant's tracks in the daytime, was struck by a car and seriously injured. The questions of the defendant's negligence and of his freedom from negligence were presented in conflicting evidence, were submitted to the jury in a careful and accurate charge, and have been resolved in the plaintiff's favor. The verdict ($1,000) is very moderate. No points are presented on the appeal which have not been frequently decided so as to support the judgment on the facts as it must be assumed that the jury found them. Two alleged errors in ruling on evidence are presented. The witness Dice, after testifying, in substance, that he had driven horses for over 20 years, and was familiar with the speed of wagons, was permitted to give his judgment as to the speed of the car at about the time of the collision. He did not say, in terms, that his experience in driving had given him knowledge of the speed of cars; but there can be no disqualifying difference in the exercise of judgment as applied to the two classes of vehicles or conveyances, and experience in the speed of the one necessarily involves some judgment as to the speed of the other. The ruling is within the spirit of the adjudications. Salter v. Railroad Co., 59 N. Y. 631; Northrup v. Railroad Co., 37 Hun, 295; Scully v. Railroad Co., 80 Hun, 197, 30 N. Y. Supp. 61; Strauss v. Railroad Co., 6 App. Div. 264, 39 N. Y. Supp. 998. The witness Angevine, on the other hand, was not permitted to state whether the car was going fast or slow at the time of the accident. This evidence, however, was not excluded as improper, but solely because the witness had stated that he did not notice the speed of the car with sufficient particularity, in the judgment of the learned trial justice, to enable him to form an opinion on the subject. Before a witness can be allowed to testify that a car was going fast or slow, he should at least be able to say that he had noticed the speed, so that his answer will be evidence, and not a mere guess. Here, so far as he testified on the subject at all, he expressly disclaimed notice or attention. Several other witnesses testified that the car was going slow, and the defendant was not prejudiced by the ruling to the extent of requiring reversal, were the ruling error. The judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.